# Third District Court of Appeal

**State of Florida**

Opinion filed September 30, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-2288
Lower Tribunal No. 12-40114

_____

**Arturo L. Pino, et. al.,**
Appellants/Cross-Appellees,

vs.

**Deutsche Bank National Trust Company, etc.,**
Appellee/Cross-Appellant.


An Appeal from the Circuit Court for Miami-Dade County, Lawrence A. Schwartz, Senior Judge.

Rennert Vogel Mandler & Rodriguez, P.A., Thomas S. Ward and Jason R. Block; Jaramillo & Blaya, P.A., Martin P. Blaya and Sebastian Jaramillo, for appellants/cross-appellees.

Morris, Laing, Evans, Brock & Kennedy, CHTD, Jeremy W. Harris and David F. Knobel (West Palm Beach), for appellee/cross-appellant.

Before LAGOA, EMAS and FERNANDEZ, JJ.

PER CURIAM.

Appellants seek review of the trial court's order denying their motion for summary judgment, and the final judgment of foreclosure subsequently rendered

below. We affirm the final judgment of foreclosure entered in this cause, and in doing so, determine that the trial court's denial of Appellants' motion for summary judgment was right but for the wrong reason.[1] See Snow v. Wells Fargo Bank, 156 So. 3d 538 (Fla. 3d DCA 2015) (holding that the bank's default letter did not commence the running of the statute of limitations; the default letter did not constitute an exercise of the option to accelerate, but rather placed borrower on notice that the bank intended to exercise this option in the future should borrower fail to cure the default). Because we affirm the final judgment (and the trial court's order denying Appellants' motion for summary judgment), we need not and therefore do not reach the other issues raised in this appeal.

Affirmed.

---

[1] Our determination in this regard is not, strictly speaking, a "tipsy coachman" scenario, since Appellee filed a notice of cross-appeal on this issue, contending that although the trial court was ultimately correct in denying Appellants' motion for summary judgment, it erred in determining that Appellee's default letter commenced the running of the statute of limitations.